# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARTIN A. COLBY, individually and on behalf of all others similarly situated,** | } } } } |
| **Plaintiff,** | } } |
| v. | }  Case No.: 2:11-CV-590-RDP |
| **PUBLIX SUPER MARKETS, INC.,** | } } } |
| **Defendant.** | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Plaintiff Martin A. Colby's Motion for Class Certification. (Doc. #17). The motion has been fully briefed. (Docs. # 18–23). Having considered the briefs and evidentiary submissions and for the reasons set out below, the court finds that there is a penultimate question which must be addressed before the motion is to be considered. Accordingly, this case will be stayed to allow the parties to file a report stating their respective positions with respect to the Supreme Court's anticipated decision in *Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010), *cert. granted* 131 S.Ct. 3022 (U.S. June 20, 2011) (No. 10–708).

**I.   BACKGROUND**

This case was filed under 15 U.S.C. § 1693 *et. seq.*, commonly known as the Electronic Fund Transfer Act ("EFTA"). Among other things, EFTA regulates notices on automatic teller machines ("ATM"). EFTA provides that an ATM operator must place an actual physical notice concerning transaction fees in a conspicuous location on or at the ATM in question. In this case it is alleged that there was no physical notice at Defendant Publix Super Markets, Inc.'s ("Publix") ATM. (Doc. #18 at 3).

Colby, on behalf of himself and all others similarly situated, brought this action against Publix based on its violation of EFTA. Colby seeks, on behalf of himself and the proposed class, statutory damages, costs and attorney's fees, all of which are expressly made available by statute. 15 U.S.C. § 1693m. (Doc. #18 at 4).

## II.   DISCUSSION

In addition to the Rule 23 issues presented by the motion and the parties' briefing, the court has two questions about the issue of standing in this case.

### A.   Does Colby (and Those He Seeks to Represent) Have Standing Under Article III of the Constitution?

To assert a claim in federal court, a plaintiff must demonstrate standing under Article III of the Constitution. *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1439 (2011). The Supreme Court explained the three elements of the "irreducible constitutional minimum of standing" in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992):

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (internal quotations and citations omitted).[1] That the injury must be "particularized" means that it must "affect the plaintiff in a personal and individual way." *Id*. at n.1. To show an injury in fact, a plaintiff must demonstrate that "he personally has suffered some actual or threatened injury."

---

[1] The Supreme Court has also articulated three prudential considerations for assessing standing, *Allen v. Wright*, 468 U.S. 737, 751 (1984), which are not relevant at this point because Defendant has not argued that any of these considerations weigh against standing.

2

*CAMP Legal Defense Fund v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006) (citations omitted).

In *Warth v. Seldin*, the Supreme Court announced that "[t]he . . . injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing . . . .'" 422 U.S. 490, 500 (1975) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973)). Several cases have interpreted this statement as equating constitutional standing with any statutory violation. *See, e.g.*, *In re Carter*, 553 F.3d 979, 989 (6th Cir. 2009). However, the *Warth* decision also emphasized that "Art[icle] III's requirement remains: the plaintiff still must allege a distinct and palpable injury to himself," *Warth*, 422 at 501, leading other cases to view *Warth* as requiring Article III standing even when there has been a statutory violation, *see, e.g., United States v. Weiss*, 467 F.3d 1300, 1310–11 (11th Cir. 2006). Moreover, the *Lujan* decision questioned the extent of the *Warth* statement that has been interpreted as conflating constitutional standing with any statutory violation, and pointed out that there is a difference between expanding the statutory categories of injury that may be alleged to support a finding of standing and eliminating the requirement that a plaintiff must have suffered an injury to have standing. *Lujan*, 504 U.S. at 578 (citations omitted). There is disagreement among the circuits over what the Supreme Court has instructed regarding whether a statutory violation without actual harm may confer Article III standing, but the majority view appears to consider a mere statutory violation as sufficient. *See, e.g.*, *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 763 (3d Cir. 2009), *but cf. U.S. ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F. 2d 1148, 1154 (2d Cir. 1993) (noting that "some injury-in-fact must be shown to satisfy constitutional requirements, for Congress cannot waive the constitutional minimum of injury-in-fact").

The Eleventh Circuit appears to require an injury independent of a statutory violation to confer Article III standing. *See Weiss*, 467 F.3d at 1310–11. However, neither the Supreme Court nor the Eleventh Circuit has addressed the issue of Article III standing in the context of EFTA violations.

> **B.    Whether the Supreme Court's Decision in the *Edwards* Case May Affect this Action?**

In the Petition for Writ of Certiorari in *Edwards*, the Petitioners presented two questions to the *Supreme Court:*

> 1) Did the Ninth Circuit err in holding that a private purchaser of real estate settlement services has standing under RESPA to maintain an action in federal court in the absence of any claim that the alleged violation affected the price, quality, or other characteristics of the settlement services provided?
>
> 2) Does such a purchaser have standing to sue under Article III, § 2 of the United States Constitution, which provides that the federal judicial power is limited to "Cases" and "Controversies" and which this Court has interpreted to require the plaintiff to "have suffered an 'injury in fact,'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)?

*Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010), *petition for cert. filed*, 2010 WL 4876485, at *1 (U.S. Nov. 23, 2010) (No. 10–708). The Court granted certiorari to the Ninth Circuit Court of Appeals on the second question in the petition for writ of certiorari. *First Am. Fin. Corp. v. Edwards*, 131 S. Ct. 3022 (2011). Question two addresses the same broad standing issue that seems to be presented in this matter. Accordingly, this court concludes that the Supreme Court's decision in *Edwards* may affect the outcome of this matter, and in the interests of judicial and party economy, this action should be stayed until the court issues its decision in *Edwards* and the parties have an opportunity to file with the court a joint report stating their respective positions on *Edwards'* effect on this case.

## III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Class Certification (Doc. #17) and Defendant's Motion to Strike Plaintiff's Declaration Filed in Support of his Motion for Class Certification (Doc. # 21) are **ADMINISTRATIVELY TERMINATED**, and this action is **STAYED** until the Supreme Court's decision in *Edwards*. **Within fourteen (14) days** of any decision being released in *Edwards*, the parties **SHALL** provide this court with a copy of the Court's decision and a joint report stating their respective positions about that decision's effect on this case. At that point, as appropriate, Plaintiff may re-file his motion and the court will determine how to proceed.

**DONE** and **ORDERED** this ___15th___ day of June, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE